# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD H. GREENLEE,**       )<br>                                                              )<br>            **Plaintiff,**           )<br>                                                              )<br>**v.**                                                      )<br>                                                              )   No. 08-2479–CM-DJW<br>                                                              )<br>**UNITED STATES POSTAL SERVICE,**  )<br>                                                              )<br>            **Defendant.**         )<br>_____)  | |

## ORDER

Plaintiff Richard H. Greenlee filed this pro se action against defendant United States Postal Service. Because the action violated filing restrictions imposed by this court, the court dismissed it. Plaintiff has filed a motion for reconsideration (Doc. 6).

The court construes plaintiff's motion to reconsider as a motion to alter or amend judgment made pursuant to Fed. R. Civ. P. 59(e). *See Steele v. Ellis*, 961 F. Supp. 1458, 1467 (D. Kan. 1997) (citation omitted). The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *See* D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)

(citations omitted).

Plaintiff's motion fails to note any change in law, new evidence, or necessity for this court to correct error or prevent injustice. Instead, plaintiff makes incoherent allegations that United States Postal Service workers have been, among other things, "jetting [his] locks"; "trying to murder [him] for six years]"; and generally "terroriz[ing] the city with drugs, acid paper, [and] sulfuric acid." He cites several statutes, including K.S.A. § 44-808, which sets out unlawful acts of employers, and reminds the court that "this goes for judges too." The court concludes that plaintiff has given the court no reasons, under the standards, to reconsider its dismissal of the case. The court reminds plaintiff that his complaint was dismissed without prejudice, with the expectation that any future filing will comply with the restrictions set out by this court.

**IT IS THEREFORE ORDERED** that Plaintiff's Compliant [*sic*] for Reconcideration [*sic*] of EEOC Right to Sue (Doc. 6) is denied.

**IT IS FURTHER ORDERED** that filing restrictions imposed against plaintiff remain in effect.

Dated this 5th day of November 2008, at Kansas City, Kansas.

       **s/ Carlos Murguia**
       **CARLOS MURGUIA**
       **United States District Judge**